IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FELTON LOVETT                                                                     PLAINTIFF

vs.                                        Civil No. 04-1073

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                      DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Felton Lovett (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The parties have filed appeal briefs (Doc. #5 & 6). The history of the administrative proceedings is contained in the respective briefs and will not be recited herein, except as is necessary.

Plaintiff alleges that he is disabled due to: chest pain; right hand pain and numbness; history of carpal tunnel release; shoulder, leg and hand pain with weakness; hallucinations; hypertension; muscle cramping; dizziness; strokes (TIA's); bilateral peripheral vascular disease of the lower extremities; irritable bowel syndrome; polyuria; loss of strength and fatigue; memory loss; at least one episode of loss of consciousness; poor eyesight; diabetes; and,

inability to sleep. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

The Plaintiff's most recent administrative hearing was conducted on February 11, 2003 (T. 291-320), after which the ALJ issued his written decision, dated August 27, 2003 (T. 195-206).

Plaintiff then requested that the Appeals Council review the ALJ's decision (T. 189-190). Plaintiff did not submit any additional medical evidence to the Appeals Council. On June 19, 2004, the Appeals Council denied review (T. 186-188), thereby making the decision of the ALJ the final decision of the Commissioner. From that decision, Plaintiff appeals (Doc. #1, 5).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may

not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).* It is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992*).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b).* If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d).* If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e).* If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other

substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f).* If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a).*

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d).* Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e).*

**Discussion:**

Plaintiff seeks DIB benefits. The relevant time period for DIB benefits begins with the alleged onset date contained in the application for benefits. The relevant time period for DIB benefits ends at the earliest of the following occurrences: the date of cessation of plaintiff's DIB benefit coverage, a.k.a. date last insured; or, the date the ALJ renders a decision.

Plaintiff alleged that his disability onset date was December 15, 1997 (T. 80). His date last insured was September 30, 1998 (T. 84). The ALJ's decision is dated August 27, 2003, nearly five years after Plaintiff's date last insured (T. 195-206, 84). Therefore, the relevant time period for purposes of Plaintiff's application for DIB benefits begins on December 15, 1997, Plaintiff's alleged onset date, and ends with Plaintiff's date last insured, September 30, 1998.

Although Plaintiff's brief addresses the issue of the relevant time period for Plaintiff's application for DIB (Doc. #5, pp. 11-12), he does not challenge the dates determined to reflect the relevant time period. Rather, he alleges that medical records do in fact exist from the

AO72A
(Rev. 8/82)

relevant time period, despite the ALJ's finding that no medical records exist from the relevant time period (T. 199).

Specifically, the ALJ stated:

The claimant has alleged an onset date of disability of December 15, 1997. His earnings record indicates he has acquired sufficient quarters of coverage to remain insured for disability insurance benefits purposes only through September 30, 1998 (Exhibit 2D). Therefore, in order to be entitled to disability insurance benefits payments, the claimant must be found to have been under a "disability" on or prior to September 30, 1998, whether he became disabled after that period is immaterial. If a determination cannot be made that the claimant was under a "disability" on or prior to September 30, 1998, whether he became disabled after that period is immaterial. If a determination is made that the claimant was under a disability at any time during that period, then and only then, must the undersigned consider whether that disability lasted from any continuous period of at least 12 months (T. 196).

\*\*\*

The medical evidence establishes the claimant has a more recent medical history of diagnoses of and/or treatment for hypertension, transient ischemia attacks, peripheral vascular disease of both lower extremities, diabetes mellitus, diabetic retinopathy, polyuria and depression secondary to recent cerebral vascular accidents (citations omitted). However, the medical evidence does not establish that any of those conditions or impairments were present and/or were "severe" within the meaning of the Social Security Act prior to September 30, 1998 (T. 197).

However, the medical evidence further establishes that during the period from December 15, 1997, through September 20, 1998, the claimant had a medical history of diagnoses of and/or treatment for only right-sided weakness from a cerebral vascular accident in 1994, post operative status carpal tunnel syndrome of the right arm, and mild scoliosis of the lumbar spine (citations omitted)(T. 197).

\*\*\*

The medical evidence indicates medical treatment has been received at the Veteran's administration over the last 9 years for a variety of alleged symptoms and/or conditions. However, the majority of that medical treatment appears to have been received during the period from February 25, 2000, through December

23, 2002 (citations omitted) and very little treatment was received prior to that period (T. 199).

...There is also **no indication he required/received medical treatment of any kind for any medical condition or impairment during the period from December 15, 1997, through September 30, 1998**. It is also noted the claimant was eligible to received (sic) medical treatment through the Veteran's Administration's (sic) and any necessary medical treatment and/or prescribed medication. That lack of required extensive medical treatment is inconsistent with the existence of a significantly disabling impairment. Further, the claimant has stated he required or used primarily only over-the-counter medication for pain relief. That lack of necessity for stronger prescription medication is also inconsistent with the presence of severe, disabling pain (T. 199).

Despite Plaintiff's argument to the contrary (Doc. #5, pp. 11-12), the undersigned is unable to locate any medical evidence from the relevant time period in the administrative record. In addition to an initial thorough of review of the entire record, the undersigned revisited the pages cited by Plaintiff in his brief, but to no avail. Plaintiff's brief alleges:

The records contained at TR 126-139 will reflect treatment by the VA for that [the relevant] time period [December 15, 1997 through September 30, 1998]. There is documentation that the Plaintiff had decreased strength of the right side since 1994, and he had intermittent episodes of pain in the chest, which comes and goes (TR 128). Exertionally, there was weakness of the grip in the right hand (TR 131).

(Doc. #5, pp. 11-12).

Page 128 of the administrative record is a VA progress note dated April 29, 1997 (T. 128). On this date, Plaintiff's subjective allegations of decreased strength on the right side, since 1994, and intermittent episodes of pain in his chest and decreased appetite are noted. However, there is no diagnosis made within this note. This April 29, 1997, progress note indicates that the following tests should be scheduled: CT of brain; and, abdominal ultrasound (gallbladder, liver, pancreas)(T. 128). Progress notes for no other dates are located on this page

AO72A
(Rev. 8/82)

(T. 128).

A VA progress note for March 21, 1997 is located at page 131 of the administrative record (T. 131). This note indicates that Plaintiff wanted to "find out if he is diabetic", as well as documenting the history provided by Plaintiff with regard to carpal tunnel release, polyuria, weak grip strength, joint stiffness and leg weakness (T. 131). Again, the progress notes at page 131 address no other dates; only notes from March 21, 1997 appear on that page (T. 131). Likewise, a review of all pages specified by Plaintiff as being treatment notes from the relevant time period (T. 126-139) reveal treatment prior to and after the relevant time period. Despite Plaintiff's assertion to the contrary, the administrative transcript does not contain evidence of any treatment or medications from the relevant time period.

Plaintiff also argues that the ALJ erred in conducting an improper *Polaski*[1] analysis (Doc. #5, pp. 13-16). In determining whether the ALJ properly disregarded Plaintiff's subjective complaints of pain, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d at 1322,* in evaluating his pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.

---

[1] *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted).

AO72A
(Rev. 8/82)

> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

However, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

Here, the ALJ conducted an in-depth *Polaski* analysis (T. 200-202). The ALJ properly addressed and discussed in detail, Plaintiff's: activities of daily living; duration, frequency and intensity of Plaintiff's pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and, functional restrictions. The ALJ's *Polaski* analysis is thorough and supported by the administrative record.

Plaintiff also argues that the ALJ posed an improper hypothetical question to the vocational expert (hereinafter "VE") (Doc. #5, p. 17). In his three sentence argument, Plaintiff alleges that the ALJ "left out" the issues of decreased strength, peripheral vascular disease of both legs and irritable bowel syndrome. It is well settled that a hypothetical question posed to a vocational expert must fully set forth a claimant's impairments. *E.g. Totz v. Sullivan*, 961 F.2d 727, 730 (8th Cir. 1992). A hypothetical question posed to a VE must include impairments substantially supported by the record as a whole. When an ALJ determines that an impairment is not substantially justified, within the relevant time period, such impairment may properly be omitted from the hypothetical question posed to the VE. *See Stout v. Shalala*, 988 F.2d 853,

AO72A
(Rev. 8/82)

*855 (8th Cir. 1993)*. The ALJ's decision plainly states that the only impairments established as "severe" impairments within the relevant time period were "medical history of diagnoses of and/or treatment for only right-sided weakness from a cerebral vascular accident in 1994, post operative status carpal tunnel syndrome of the right arm, and mild scoliosis of the lumbar spine" (T. 197). Plaintiff's complaint that other impairments were excluded from the hypothetical question posed to the VE is without merit in light of the ALJ's findings as to Plaintiff's severe impairments.

Plaintiff's argument that the ALJ failed to followed the directive of the undersigned upon previous remand is also without merit (Doc. #5, p. 7-8). This case was previously remanded due to the ALJ's failure to acknowledge or discuss Plaintiff's VA disability rating. The ALJ, upon remand, acknowledged Plaintiff's receipt of VA disability (T. 200). However, the ALJ clearly stated his reasoning and correctly acknowledged that disability benefits may be awarded by the standards of one government agency, yet be denied by the standards of a different government agency (T. 200). The ALJ was not bound by the VA's assessment of Plaintiff's disability. *20 C.F.R. §§ 404.1504, 416.954; Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994)*.

To prove disability, plaintiff must establish a physical or mental impairment by medical evidence consisting of signs, symptoms and laboratory findings, rather than by only his own statements of his symptoms. See *20 C.F.R. § 404.1508.*

The record does not establish evidence of disability, as defined by the Act, during the relevant time period. Nor does the record evidence proof of Plaintiff being disabled before the relevant time period. This is particularly true in light of the Plaintiff's activities of daily living,

-9-

AO72A
(Rev. 8/82)

lack of prescription pain medications, conservative medical treatment, past work record, as well as the mental and physical functional capacity assessments during the relevant time period.

Upon a through review of the record, it is clear that the evidence from the relevant time period, offered to establish disability, lacks substantiality. The burden is on the Plaintiff to prove his disability. *Sykes v. Bowen 854 F.2d at 285*. Here, Plaintiff has failed to carry his burden.

**Conclusion:**

After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to F.R.C.P. 52 and 58.

ENTERED this 22nd day of August, 2005.

/s/ Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

**AO72A**
**(Rev. 8/82)**